(58 South. 138.)

No. 18,901.

HENRY v. BARKER.

(March 11, 1912. Rehearing Denied April 8, 1912.)

*(Syllabus by the Court.)*

1. TAXATION (§§ 851, 513*)—FORFEITURE OF LAND DELINQUENT—LIEN—RECORDS.

Under Act No. 346 of 1855, property could be forfeited to the state for nonpayment of taxes only by the filing of a copy of the delinquent tax lists properly verified in the office of the Auditor of Public Accounts. The filing of such list in the office of the recorder of mortgages was intended merely for the purposes of registry. Under the same statute, the lien and privilege for taxes was prescribed by two years.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1667, 951–955; Dec. Dig. §§ 851, 513.*]

2. VENDOR AND PURCHASER (§ 129*)—PERFORMANCE OF CONTRACT—TITLE OF VENDOR.

The fact that the property tendered to the defendant appeared many years ago on certain delinquent tax lists filed in the office of the recorder of mortgages of the parish furnishes no just ground for the rejection of the title, where there is no evidence that the property was forfeited to the state in the mode provided by law, and the state has continuously for more than 40 years assessed the property to the plaintiff, and collected taxes thereon.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 238–244, 249; Dec. Dig. § 129.*]

Provosty, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Dr. Stewart L. Henry against Frank L. Barker. From a judgment for plaintiff, defendant appeals. Affirmed.

Delvaille H. Théard, for appellant. Wm. B. Ker, for appellee.

LAND, J. This is a suit to compel the defendant to comply with his written agreement to purchase square 425, Seventh district of the city of New Orleans. There was judgment in favor of the plaintiff, and the defendant has appealed.

Plaintiff purchased the square in February, 1869, at public sale, and the property has ever since, including that year, been assessed to the plaintiff, who has paid to the state all the taxes assessed against him.

[1] The plaintiff purchased the property at sheriff's sale from the Succession of Hoey, and the only cloud on his title is a recital in the deed that it appeared from the certificate of the recorder of mortgages for the parish of Jefferson that the property had been forfeited to the state for taxes of previous years. Section 57 of Act 346 of 1855 shows that the recorder of that parish could not have certified any such forfeiture, but only that the property was included in duly verified delinquent lists filed in his office by the tax collectors of the parish. The duty of the recorder as to a delinquent list was

to record the same and make a certified copy of such list, and to forward the same to the Auditor of Public Accounts. Id. § 58. Title to property on a delinquent list did not vest in the state until the list, duly verified, was filed in the office of the Auditor of Public Accounts, whose duty it was to enter the list on a record kept for that purpose. Id. § 59. There is no evidence that any delinquent list or lists embracing the square in question were filed in the Auditor's office prior to year 1869.

[2] The evidence shows that the plaintiff about 10 years before the institution of this suit wrote to the Auditor of Public Accounts relative to the forfeiture of the property for taxes, and was informed that there was no such forfeiture of record in the Auditor's office. This evidence was elicited by the defendant. It is admitted that all the records of the tax collector and recorder of mortgages for the parish of Jefferson appertaining to state forfeitures are lost. On the trial it was admitted that in the proceedings in the Succession of John Hoey, after the adjudication to plaintiff, the administratrix took a rule on the parish of Jefferson and the state of Louisiana to refer the privileges on the property to the proceeds, and that this rule was tried and made absolute. After the lapse of more than 40 years, it may well be presumed that the taxes were paid out of the proceeds of the sale of the property, in the hands of the sheriff, who was ex officio tax collector. This presumption is fortified by the silence and inaction of the taxing authorities, and the continued assessment of the property to the plaintiff, and the collection of taxes thereon, since the year 1868. If the taxes were not paid, the lien and privileges securing the same was extinguished by the prescription of two years. See section 43, Act 346 of 1855. The only real question in the case is that of forfeiture, and there is nothing in the record to show that the property was ever forfeited to the state of Louisiana. If the property had been forfeited for taxes prior to the year 1869, it may be presumed that it would have been advertised and sold as directed by the constitutional ordinance of 1879. The record shows no basis for the apprehension that the state may hereafter claim the property.

Judgment affirmed.

PROVOSTY, J., dissents.